Filed 6/9/16  R.H. v. Superior Court CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| R.H.,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>        Respondent;<br><br>CONTRA COSTA COUNTY CHILDREN AND FAMILY SERVICES BUREAU et al.,<br><br>        Real Parties in Interest. | A147885<br><br>(Contra Costa County<br>Super. Ct. No. J15-01082) |

Petitioner (mother) seeks extraordinary writ relief from an order that bypassed reunification services and set this juvenile dependency matter for a hearing pursuant to Welfare and Institutions Code section 366.26.[1]  Petitioner contends there was not substantial evidence to support the juvenile court's finding that reunification services should be denied under section 361.5, subdivision (b)(11).  We will deny the petition.

## I.  FACTS AND PROCEDURAL HISTORY

The minor was born in October 2015.  That same month, a juvenile dependency petition was filed by the Contra Costa County Children and Family Services Bureau (Bureau), alleging that mother failed to protect the minor in that she: (1) has a chronic history of substance abuse that affects her ability to stabilize her living situation and

---

[1]        All statutory references herein are to the Welfare and Institutions Code.

1

provide for the minor's care and safety, thereby placing the minor at substantial risk of emotional and physical harm, and (2) has a history of mental health issues including a diagnosis of bipolar disorder, which when left untreated with psychotropic medication has resulted in a substantial risk of emotional and physical harm to the minor. (§ 300, subd. (b).) The petition further alleged that two of mother's other children had been abused or neglected, she failed to reunify with them due to her substance abuse and mental health problems, and services had been terminated or bypassed with respect to these siblings or half-siblings of the minor. (§ 300, subd. (j).)

In December 2015, the juvenile court sustained the allegations of the dependency petition, found that mother had failed to reunify with the minor's half-siblings due to ongoing domestic violence and significant mental health problems, and declared the minor a dependent of the court.

Although mother does not disclose these facts in her writ petition, the Bureau's March 2016 report for the dispositional hearing advised that mother refused to provide her address, admitted to using drugs during her pregnancy and experienced paranoid thoughts, returned to drug use, failed to maintain contact with her mental health providers, stopped visiting the minor, presented herself to the social worker as paranoid with language patterns indicative of a person with psychotic thoughts, and mumbled incoherently during a visit with the child. The Bureau recommended that reunification services not be provided in light of the prior removal of mother's two other children and the termination of her parental rights, as well as mother's severe chronic mental health problems, substance abuse issues, and problems with domestic violence relationships. The Bureau reported: "Ultimately her inability to overcome her emotional pain and suffering has led to significant mental health and substance abuse issues which present severe safety concerns and limit her ability to provide a safe and stable home for the child. Considering the timeframe that [mother] has to demonstrate that she is able to provide safely for her child and the limited efforts she has made to date, the Bureau does not feel that it is in the child's best interest to offer [mother] reunification services." (See § 361.5, subd. (b)(11).)

2

A contested dispositional hearing was held on March 17, 2016. At the conclusion of the hearing, the juvenile court ordered that the minor be placed out of the home, mother be denied reunification services under section 361.5, subdivision (b)(11), and a hearing be set under section 366.26 for July 11, 2016.

Mother filed a notice of intent to file a petition for relief from this order under rule 8.452 of the California Rules of Court. The petition was thereafter filed, along with a request for a stay of the section 366.26 hearing. Based on the allegations of mother's petition, we issued an order to show cause why the petition should not be granted. The Bureau filed an opposition.

## II. DISCUSSION

Section 361.5, subdivision (b)(11), provides that the court may deny reunification services to a parent if it finds, by clear and convincing evidence, that the parental rights of the parent over any sibling or half-sibling of the minor had been terminated, and that the parent "has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half-sibling of that child from the parent."

The reasonable effort requirement focuses on the extent of a parent's efforts, rather than whether the parent has attained a certain level of progress or cured the problems that led to the removal of the sibling or half-sibling. (*Cheryl P. v. Superior Court* (2006) 139 Cal.App.4th 87, 99.) Nonetheless, the juvenile court may consider the parent's progress or lack of progress to the extent it bears on the reasonableness of the parent's effort. (*R.T. v. Superior Court* (2012) 202 Cal.App.4th 908, 914–915.)

Mother represents in her writ petition that the "record is uncontroverted that [she] had made reasonable efforts to address her mental health issues, and had, in fact, demonstrated progress as a result of her engagement in treatment with Dr. Blaisich." She argues that her participation in a residential substance abuse treatment program, and her engagement in mental health treatment with Dr. Blasich, "are clearly emblematic of her working 'toward correcting the underlying problems' which resulted in the previous termination of her parental rights." Further, she asserts: "The evidentiary record, specifically, the mother's thorough prenatal care, the healthy, drug-free birth of [the

3

minor], the fact that the mother demonstrated 'great care' for the baby and the ability to effectively care for the child, the mother's effort to enroll in a parenting education course, and the mother's engagement in mental health treatment with Dr. Blasich, clearly constitutes 'a reasonable basis to conclude that the relationship with the current child should be saved.' " Thus, mother contends, there is no substantial evidence to support the juvenile court's finding of "no reasonable efforts" on the part of the mother to treat the problems that led to the removal of the minor's siblings or half-siblings.

A.  Failure to Provide Adequate Facts

Rule 8.452(b) of the California Rules of Court requires a petition seeking review of an order setting a section 366.26 hearing to include a memorandum that "must provide a summary of the significant facts" and should "note any disputed aspects of the record." Mother's petition does not provide a summary of the significant facts or the evidence supporting the court's decision, setting forth instead the evidence she apparently believes is favorable to her cause.

Mother's petition omits the following evidence material to the events since her parental rights as to the minor's siblings or half-siblings were terminated in 2013.

Mother was discharged from a drug treatment program for her involvement in a physical altercation, and she fails to identify any evidence that she ever completed drug treatment or parenting classes or maintained ongoing therapy. In August 2015, she threatened her case manager and punched her therapist. The clinical director of Youth Homes, Inc. (Jeffery Sliemers) advised that her drug use and mental instability made her a danger to herself and to others. In May 2015, mother was found under the influence of drugs while loitering at a gas station with her belongings. Dr. Brian Blaisch advised that mother had been hospitalized twice in June 2015 for methamphetamine use and psychosis, she denies she is mentally ill and refuses to take medication, and her paranoia obstructed the nursing staff from evaluating or relieving the minor's shallow breathing. Although the minor was born drug-free in October 2015, that was despite the fact that mother used methamphetamine throughout the pregnancy until a few weeks before his birth. Psychiatrist Imtiaz Ghori opined in October 2015 that mother's drug and mental

4

health history caused the hospital staff to be concerned about her ability to care for the baby, and he believed that "something bad" would happen to the minor if mother were allowed to take him home. On one occasion, mother was found spinning the minor around in the bassinet, and Dr. Blaisch, hospital staff, and law enforcement had to restrain and medicate her and remove the minor for the sake of his safety. Mother stopped visiting the minor after November 19, 2015, and did not even provide the social worker or her attorney with a working telephone number or address to receive referrals. She opted to resume a relationship with the child's father, even though the relationship has been troubled by domestic violence and substance abuse. At the dispositional hearing, mother appeared in custody because she was being held on a second degree robbery charge.

In light of mother's failure to provide a summary of the significant facts, her writ petition is inadequate and in violation of rule 8.452(b). This in itself justifies denial of the petition.

### B. Substantial Evidence

As set forth above, substantial if not overwhelming evidence supported the juvenile court's finding that mother did not make a reasonable effort to treat the problems that had led to the removal of the minor's siblings or half-siblings. Mother fails to demonstrate error.

### III. DISPOSITION

The petition seeking extraordinary writ relief from the juvenile court's order denying reunification services and setting a section 366.26 hearing is denied on the merits. The request for a stay of the hearing is denied. This decision is final immediately. (Cal. Rules of Court, rules 8.452(i), 8.490(b)(2)(A).)

_____

NEEDHAM, J.

We concur.

_____

JONES, P.J.

_____

SIMONS, J.

(A147885)

6